

**IT IS ORDERED as set forth below:**

**Date: March 27, 2020**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| BOBBY FRANCIS PALAYAM and ASHA GORETTI GOMEZ, Debtors. | : | CASE NO. 19-50724-PWB<br>CHAPTER 7 |
| LENI MATHEW, Plaintiff, | : | |
| vs. | : | ADVERSARY NO. 19-5182-PWB |
| BOBBY FRANCIS PALAYAM and ASHA GORETTI GOMEZ, Defendants. | : | |

**ORDER ON MOTION FOR SANCTIONS AND NOTICE OF STATUS CONFERENCE**

Leni Mathew (the "Plaintiff") seeks a determination that the debt the chapter 7 debtors, Bobby Francis Palayam and Asha Goretti Gomez (the "Debtors") owe to him is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). The Plaintiff has filed a motion for sanctions

pursuant to Fed. R. Civ. P. 37(d), *applicable under* Fed. R. Bankr. P. 7037, because the Debtors did not timely respond to his discovery requests. [Doc. No. 23].

For the reasons set forth below, the Court denies the Plaintiff's motion, without prejudice. The Court will hold a status conference in this proceeding on May12, 2020, at 11 a.m

Plaintiff filed his amended complaint on May 5, 2019, and Debtors filed an answer on June 2, 2019. [Doc. No. 13]. Because the parties did not submit a scheduling order, the time for discovery was between June 21, 2019 and September 3, 2019. *See* BLR 716-1(b)(2). During this time, Plaintiff requested Plaintiff's First Interrogatories to Defendants, and the Debtors responded on August 14, 2019. [See Doc. No. 23-1].

On September 3, 2019, the Court granted the parties' joint motion to extend discovery to October 30, 2019. [Doc. No. 18]. On the last day of the extended discovery period, the Plaintiff served Plaintiff's Second Interrogatories and Request for Production to Defendants. [Doc. No. 23-1]. On December 23, 2019, the Plaintiff filed a motion for sanctions, asserting that Debtors failed to respond.

A plaintiff must give the defendant a suitable amount of time to respond to a discovery request before the end of the discovery period. *See In re Youngchul Choi*, 2005 WL 6492108 at *1 (Bankr. N.D. Ga. 2005) (Drake, J.) (holding that a discovery request is untimely when the plaintiff served it a week before the discovery period ended). A party has 30 days to respond to a discovery request. Fed. R. Civ. P. 33, *applicable under* Fed. R. Bankr. P. 7033. Because Rule 33 allows 30 days to respond to a discovery request, federal courts conclude that, to be timely, a party must request discovery no later than 30 days before the end of the discovery period. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2013); *Beller v. Credit Alliance Corp.*, 106

F.R.D. 557, 560 (N.D. Ga. 1985); *Zimmerman v. Atlanta Hawks, LTD.*, 1990 WL 58462 at *1 (N.D. Ga. 1990).

The local rules in this District follow these principles. Bankruptcy Local Rule 7026-1 states, "Discovery must be initiated sufficiently early in the discovery period to permit the filing of answers and responses thereto within the time limitations of the existing discovery period."

When a discovery request is untimely, courts have denied a party's motion to compel under Fed. R. Civ. P. 37, *applicable under* Fed. R. Bankr. P. 7037. *See Zimmerman*, 1990 WL 58462, at *1; *In re Youngchul Choi*, 2005 WL 6492108, at *1. If a court denies a motion to compel, it has no basis to impose sanctions. *See Allstate Insurance Co. v. Rudman*, 2005 WL 8156135 at *3 (N.D. Ga. 2005) ("Because Allstate's motions to compel have been denied, the court also denies the company's request for costs.").

In this proceeding, Plaintiff filed his second request for interrogatories on October 30, 2019, the last day of the extended discovery period. The Debtors were not required to respond to this request because the discovery period ended before the time for their response. The Court thus has no basis to impose sanctions.

It is, therefore, **ORDERED** that the Plaintiff's motion for sanctions for Debtors' failure to respond to discovery is **DENIED**, without prejudice.

It is further **ORDERED** and **NOTICE IS HEREBY GIVEN** that the Court shall hold a status conference in this proceeding on May 12, 2020, at 11 a.m., in Courtroom 1401, U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia. Counsel should contact chambers (404-215-1018) prior to the hearing for information as to whether whether it will be held telephonically. At the hearing, counsel for the parties should be prepared to discuss:

1. Whether there are any further discovery issues, and whether the parties need an extension of the discovery period;

2. Whether a pretrial order is necessary; and

3. When this case will be set for trial.

The Court expects the parties to confer prior to the hearing and discuss these matters. Counsel responsible for the case and with authority for their clients shall attend this status conference.

The Clerk is directed to mail copies of this Order to counsel for the parties.

[End of Order]